ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LUIS TORO GOYCO<br><br>Apelante<br><br>v.<br><br>MABEL ALBERTY PEÑA; RENE RIVERA LÓPEZ y la SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR ESTOS<br><br>Apelados | TA2025AP00180 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Sebastián<br><br>Caso Núm.: SS2022CV00530<br><br>Sobre: Cobro de Dinero Regla 60 |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Este recurso de *apelación* fue presentado el 29 de julio de 2025. Ya la parte apelada presentó su posición y estamos listos para resolver la controversia.

Examinada la totalidad del expediente y el estado de derecho aplicable a estos hechos, confirmamos el dictamen contra el que se recurre.

### I.

Este caso se presentó ante el Tribunal de Primer Instancia, Sala de San Sebastián como un pleito civil de cobro de dinero por Regla 60, Caso Núm. SS2022CV00530, salón 0001 (en adelante el TPI).

Luego del trámite de rigor, el juicio en su fondo se celebró el 2 de mayo de 2025, estando las partes debidamente

representadas. Luego de escuchar el testimonio de los declarantes y de examinar la prueba documental presentada en evidencia; dicho Tribunal declara NO HA LUGAR la demanda presentada por el Demandante. El 27 de junio de 2025 se dictó y notificó la Sentencia que desestimó la demanda y es contra la que se presenta esta apelación.

En dicha Sentencia, el TPI hizo las siguientes determinaciones de hechos:

1. Que hubo un acuerdo sobre honorarios de abogados entre las partes por servicios legales prestados.

2. Que se hicieron gestiones extrajudiciales para el cobro de los honorarios de abogado.

3. Que hubo un acuerdo confidencial de transacción y relevo general en el caso civil número A2CI201600521.

4. Que la parte demandante es abogado.

5. Que la parte demandante represento a las partes demandada en el A2CI201600521, sin un contrato de honorarios suscrito por los demandados.

6. Que la parte demandada Maribel Alberty Pena, firmó un contrato de honorarios de abogados con el Lcdo. Manuel Orlando López Rodríguez para el caso A2CI201600521. La parte co-demandada René Rivera López no compareció o suscribió dicho contrato de honorarios de abogado.

7. Las partes suscribieron el día 10 de marzo de 2022 un Acuerdo Confidencial de Transacción y Relevo General, en el cual acordaron el pago de honorarios de abogado al Lic. Luis Toro Goyco.

8. Sobre lo pertinente al caso de marras, el pago en honorarios de abogado a la parte demandante fue para la suma

de Dieciséis Mil dólares ($16,000.00) por su gestión en el caso A2CI201600521.

9. Dicho Acuerdo Confidencial incluyo y obligo a las partes en el presente pelito, como a los demás comparecientes en dicho acuerdo.

10. Dicho acuerdo no contemplo pagos adicionales a la parte demandante por concepto de honorarios de abogado.

11. Dicho acuerdo contiene una cláusula de absoluta confidencialidad sobre el contenido de dicho acuerdo comprometiendo a las partes de dicho acuerdo y sus representaciones legales.

12. Dicho Acuerdo Confidencial, represento la totalidad del acuerdo entre las partes firmantes en sus temas cubiertos.

13. Los firmantes de dicho Acuerdo, que incluyen a las partes en el caso de marras, acordaron que cualquier cambio o modificación de dicho acuerdo tendría que ser por escrito y firmado por todas las partes firmantes en dicho documento.

14. Que la parte demandante recibió el pago de Dieciséis Mil dólares ($16,000.00) por concepto de honorarios de abogado, según pactado en el Acuerdo Confidencial.

15. Que la parte demandante, luego de firmar dicho Acuerdo Confidencial comenzó a realizar gestiones adicionales de cobro a las partes demandadas.

16. Que la parte demandante reclamo la suma adicional de $6,600.00 por concepto de honorarios de abogado en contravención de lo pactado entre las partes en el Acuerdo Confidencial.

Con esas determinaciones y los hechos que las partes aceptaban no estaban en controversia, el TPI dicta Sentencia

desestimando la demanda y contra dicha sentencia se recurre mediante Apelación que aquí atendemos.

En su escrito de apelación se levantan los siguientes errores:

a. Erró este honorable foro, aunque reconoció como un hecho que la apelante firmo un contrato de servicios profesionales sobre honorarios de abogado ya sea por una transacción o pleito, al no reconocer que la apelante tenía que pagar el 33% de lo que se obtuvo por transacción.

b. Erró este honorable foro al no reconocer que el letrado que obtiene la transacción de la reclamación de daños y perjuicios para los codemandantes, algunos aquí apelados, fue el apelante y nadie más, porque los apelados no estaban litigando por derecho propio.

c. Erró este honorable foro al indicar que, como el acuerdo era confidencial no se podía litigar los honorarios que son parte de esta causa de acción.

Mediante Resolución el 25 de agosto de 2025 ordenamos a la parte apelada presentar su posición y nos dimos por enterado de Moción Informativa que presentó la parte apelante.

Mediante Moción en Cumplimiento de Resolución de la parte apelada del 26 de agosto de 2025, la parte apelada indica que la parte Apelante no ha sometido ni solicitado Transcripción de la Prueba Oral desfilada en el juicio y por ello no había puesto en condiciones a este Tribunal de Apelaciones de adjudicar sobre los errores que levantó la apelación, pues estos requerían interpretar la prueba testifical durante el juicio.

En otra Moción de la parte apelada, también titulada en Cumplimiento de Orden y presentada el 27 de agosto de 2025, se indicó que como el TPI "basó su determinación en el testimonio

vertido en el juicio plenario," era fundamental la transcripción de la prueba oral para la adjudicación del caso.

Ante ese planteamiento, este Tribunal emite una Resolución el 18 de septiembre de 2025 que indica y citamos:

"Conforme la Regla 76 (A) del Reglamento del Tribunal de Apelaciones[1] vigente, advertimos a la parte Apelante que el no mencionar en este caso nada sobre reproducción de prueba oral, podría considerarse renunciado todo señalamiento de error cuya adjudicación dependa parcial o totalmente de una evaluación de la prueba Oral. Ante ello, requerimos a la parte apelante que replique, no más tarde del próximo 24 de septiembre de 2025 a las 5:00 p.m., la Moción Solicitando Adjudicación por los Escritos Presentados, presentada por la parte apelada el 18 de septiembre de 2025.

Aquí se nos pide que revisemos la sentencia que emitió el Tribunal de Primera Instancia, Sala de San Sebastián (en adelante TPI). Mediante esta, el foro primario desestimó, luego de un juicio en su fondo, la demanda que presentó la parte aquí apelante en aquel tribunal. De no comparecer el parte apelante conforme antes ordenado, daremos por perfeccionado el recurso y se resolverá sin más escritos."

Mediante Moción de la parte Apelante del 23 de septiembre de 2025, esta indicó y citamos:

"1. Que el 16 de septiembre de 2025, recibimos notificación del Honorable Tribunal declarando Con Lugar proceder con lo solicitado en cuanto a la grabación de la vista en su fondo celebrada el 2 de mayo de 2025.

---

[1] Reglamento del Tribunal de Apelaciones, según enmendado, In re Aprob Enmdas., Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).

2. Que, en el día de hoy, a la 1:28 p.m., nos comunicamos con el Tribunal de San Sebastián, Sala Civil (787-896-1140) para que nos dieran instrucciones en cuanto a la forma de pago para la grabación solicitada y cualquier otra instrucción que fuera necesaria. La secretaria que nos atendió de nombre Laurie indicó a mi secretaria que habían recibido la orden de este honorable foro, pero que la coordinadora de esos servicios se encontraba en el Tribunal de Aguadilla, quien se comunicaría con nosotros para darnos los detalles e instrucciones para obtener la grabación de la vista para cumplir con la orden.

3. Por lo que, informamos al Honorable Foro nuestras diligencias para conseguir la grabación antes mencionada y estamos a la espera de las instrucciones de la coordinadora a cargo de esta.

POR TODO LO ANTES EXPUESTO, se solicita respetuosamente a este Honorable Tribunal tome conocimiento de lo anteriormente expresado en cuanto a nuestras diligencias realizadas para obtener la grabación de la vista en su fondo celebrada el 2 de mayo de 2025."

El 29 de septiembre de 2025, este Tribunal emite Resolución que indica y citamos:

"Se le concede a la parte Apelante el término final de treinta dias para someter una transcripción del juicio celebrado en este caso. Ese término comenzará a decursar tan pronto se notifique esta Resolución." Dicha Resolución se notificó a las partes el mismo 29 de septiembre de 2025.

El pasado 31 de octubre de 2025 se presentó por la Parte Apelada Moción Sobre Término Vencido y Reiterando Desestimación, que reitera la solicitud de desestimación del recurso, pues se (y citamos) "le ordenó a la parte apelante que

presentara la transcripción del juicio en su fondo en un término final de 30 días a partir de la notificación de la Resolución y Orden. La misma fue notificada el día 29 de septiembre de 2025. El termino venció el día 30 de octubre de 2025. Entrada SUMAC # 11.

7. Al presente no hemos recibido copia de la transcripción del juico en su fondo. Además, luego de revisar en SUMAC no vemos la misma.

8. El Apelante ha incumplido con los requisitos para que este Tribunal pueda, adecuadamente, evaluar su reclamo y para que los apelados puedan oponerse efectivamente.

9. En atención a lo antes señalado procede la desestimación del escrito presentado por el Apelante."

Con los errores planteados se presenta esta Apelación, sin someter transcripción de la prueba desfilada en el Juicio del caso, según apercibida la parte apelante mediante Resolución de este foro antes indicada y los respectivos planteamientos antes citados de la parte apelada y procedemos a evaluar el derecho aplicable.

## II.

Es norma conocida que los tribunales apelativos no intervenimos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realiza el foro primario, […]. *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884, 917 (2016); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Por ello, […] los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank, N.A. v. Cordero Badillo*, 200 DPR

724, 736 (2018); *Ramos Milano v. Wal–Mart,* 168 DPR 112, 121 (2006). En nuestro ordenamiento judicial le damos deferencia al juzgador de hechos en cuanto a su apreciación de la prueba testifical porque, al ser una tarea llena de elementos subjetivos, es quien está en mejor posición para aquilatarla. *Sucn. Rosado v. Acevedo Marrero, supra*, pág. 917. Es el Tribunal de Primera Instancia el que tuvo la oportunidad de oír y ver el comportamiento de[l] testigo. *Íd.* Por ello, cuando la evidencia directa de un testigo le merece entero crédito a este, ello es prueba suficiente de cualquier hecho. *Íd.; SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015). Además, la Regla 110 de Evidencia dispone que un testigo que merezca entero crédito al Tribunal de Primera Instancia es prueba suficiente de cualquier hecho. El peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes. La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia, 32 LPRA Ap. VI, R. 110.

De esa forma, la intervención con la evaluación de la prueba testifical procedería en casos en los que, luego de un análisis integral de la prueba, nos cause una insatisfacción o intranquilidad de conciencia tal que estremezca nuestro sentido básico de justicia. *Sucn. Rosado v. Acevedo Marrero, supra*, pág. 917; *Rivera Menéndez v. Action Service,* 185 DPR 431, 444 (2012). Este estándar de revisión restringe nuestra facultad para sustituir el criterio del foro primario a escenarios en que de la prueba admitida no exista base suficiente que apoye tal determinación. *Pueblo v. Toro Martínez, supra*.

En relación con los recursos de apelación de casos civiles, la Regla 19 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A.

Ap. XXII-B, dispone que cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba. Ahora bien, ante la ausencia de la prueba oral, el Tribunal de Apelaciones no cuenta con los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el foro de instancia. *Hernandez Maldonado v. Taco Maker* 181 DPR 281, 289 (2011). Cabe destacar que, en esta opinión, el Alto Foro añadió que ciertamente el Tribunal de Apelaciones puede *motu proprio* ordenar a que se eleve la transcripción de la prueba oral en aras de poder cumplir de manera competente con su función revisora. *Hernández Maldonado v. Taco Maker,* supra, a la pág. 289 nota 7, citando *Pueblo v. Moreno Valentín* 168 DPR 233, 243-244 (2006). Ello solo procederá en casos que se entienda apropiado.

### III.

En el recurso ante nos, el apelante sostiene que el foro primario incidió al declarar no ha lugar la demanda incoada en su contra por entender que adjudicó la causa de acción evaluando incorrectamente la prueba desfilada y admitida en el juicio en su fondo celebrado.

La parte apelante nunca sometió la transcripción de la prueba testifical que se le advirtió mediante Resolución antes indicada que debía someter, pues esta fue evaluada por el TPI durante el juicio en su fondo que este celebró antes de dictar su Sentencia. Por tanto, este Tribunal no tuvo el beneficio de las declaraciones de los testigos, a quienes el TPI le impartió credibilidad. Ante ello la parte Apelante nunca nos puso en

condiciones de cambiar la interpretación del TPI que este expuso al dictar su sentencia.

## IV.

Por las razones antes expresadas, se confirma la sentencia contra la que aquí se recurre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones